# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**19-758**

YOLANDA MCCLURE

VERSUS

TARGET CORPORATION, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 260,578
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Ellyn J. Clevenger**
**Attorney at Law**
**1115 Moody Avenue**
**Galveston, TX 77550**
**(409) 621-6440**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Yolanda McClure**

**David P. Curlin**
**Lawrence Knight & Associates**
**225 St. Ann Drive**
**Mandeville, LA 70471**
**(985) 674-4446**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Sedgwick Claims Management Services, Inc.**
    **Target Corporation**

**GREMILLION, Judge.**

From the judgment of the trial court granting summary judgment in favor of Defendants/Appellees, Target Corporation and Sedgwick Claims Management Services, Inc.[1] (Target), Plaintiff/Appellant, Ms. Yolanda McClure, appeals. The appeal is founded upon Ms. McClure's assertions that the motion for summary judgment filed by Target was not properly served and that the trial court erred in finding that her attorney had waived service of the motion. We affirm for the reasons that follow.

## FACTS AND PROCEDURAL HISTORY

This premises-defect claim results from an accident in Target's parking lot in Alexandria, Louisiana, on December 13, 2016, in which Ms. McClure alleged that she stumbled over uneven concrete and fell, striking her head against a wall and landing on the concrete on her arms and legs. This incident allegedly resulted in surgical intervention. The suit was filed in the Ninth Judicial District Court in Rapides Parish on December 8, 2017. The petition was signed by Ms. McClure's attorney, whose address was listed as 25583 Winged Foot Court, Denham Springs, Louisiana. At no time since filing the petition has Ms. McClure's attorney filed a notice of change of address with the trial court.

On January 22, 2019, Target filed its motion for summary judgment in which it asserted that Ms. McClure could not produce factual support for an essential element of her claim, that Target had actual or constructive notice of the condition that caused her fall. In support of the motion, Target produced the affidavit of an employee who attested that Ms. McClure's accident was the only such incident

---

[1] We note that, although counsel filed the brief on behalf of Target Corporation and Sedgwick Claims Management Services, Inc., the trial court dismissed Sedgwick Claims Management Services, Inc. as a defendant pursuant to a voluntary dismissal filed by Ms. McClure.

reported at the location where she indicated she fell. It also produced Ms. McClure's deposition in which she identified the location.

In its proposed order, Target requested that Ms. McClure be served with the motion for summary judgment through her counsel of record at 1280 Del Este Avenue in Denham Springs, Louisiana. The trial court fixed the hearing date for March 11, 2019.

On February 27, 2019, Target filed a motion to reset the hearing because Ms. McClure's attorney had not been served with the motion for summary judgment. The trial court set the new hearing date as April 15, 2019. Again, Target requested that Ms. McClure's attorney be served at the Del Este Avenue address.

Target again moved to refix the hearing in a motion it filed on March 20, 2019. The stated reason for this request was that Ms. McClure's attorney had relocated to Galveston, Texas. In its order, Target requested that the clerk of court provide certified copies of the order, which fixed a June 17, 2019 hearing date, along with certified copies of its motion for summary judgment. Target requested these certified copies for the stated purpose of serving Ms. McClure's attorney pursuant to La.R.S. 13:3204.[2] Certified mail was forwarded to Ms. McClure's attorney at the

_____

[2] Louisiana Revised Statutes 13:3402 reads:

A. In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

address of 1115 Moody Avenue, Galveston, Texas. The U.S. Postal Service attempted delivery on April 4, 2019, but "an authorized recipient was not available."

Ms. McClure's attorney did not appear for the June 17, 2019 hearing. Target's attorney appeared and produced a series of email exchanges between himself and Ms. McClure's attorney. These exchanges began in February 2019. In an email dated March 15, 2019, Ms. McClure's attorney wrote:

> I apologize for the typo in addressing you. I will absolutely waive service; moving forward, I see no reason why long-arm service will not be effective (that's how I've perfected service in the past when dealing with out-of-state counsel, and I do not think there is any limitation in the statute that prevents it); however, I have no problem with you personally serving my client either (I will confirm with her, but it should be easy enough to serve her at the courthouse).

On April 4, 2019, Target's counsel emailed Ms. McClure's attorney and advised her that "Long-arm service by certified has been issued." That email also advised her of the June 17, 2019 hearing date. On April 8, Target's attorney emailed Ms. McClure's and advised her that his attempt to serve her via certified mail had failed. He asked her to accept service. On May 6, Target's attorney sent another email to Ms. McClure's attorney asking her to confirm in writing her waiver of service. She replied the following day, advising, "I am happy to waive service of the Motion, if you will please send me an electronic copy. I see no need to mail it or have me served, it's just that I need a copy. Once I have it, I will waive service."

---

C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.

D. For purposes of this Section, a "commercial courier" is any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which:

(1) Acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery.

(2) Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns.

Target's attorney's paralegal emailed a copy the following day, May 8, 2019. There was no further correspondence between counsel in the record until June 12, 2019, when Ms. McClure's counsel emailed:

> I just realized that I had not been in touch with you about the setting of your motion next week; I apologize for my lateness. I have been preparing for several trials this month, one of which was a jury trial that ended up being continued at the last minute, but I have been remiss in not having messaged you earlier. Because we are retaining an expert in order to respond to your motion, I cannot waive service for Monday's hearing. However, I have reached out to the Court's assistant to request available dates in early August. I will get back to you as soon as I receive dates, to see whether any will be acceptable to you.

The trial court reviewed this evidence and found that counsel's May 7, 2019 email, coupled with Target's response the following day sending her an electronic copy of its motion, effectively waived service of the motion. Judgment was rendered in favor of Target.

## ASSIGNMENTS OF ERROR

Ms. McClure assigns the following as error:

> The trial court erred in granting summary judgment, where neither the Appellant nor her counsel were served with the motion or hearing; neither had waived service thereof, and neither was present at the hearing on the motion.

> The trial court erred in construing a copy of an email as a waiver of service, where the email contained a statement from counsel indicating that counsel would prospectively waive formal service after receipt of a copy of the motion; did not thereafter transmit her express written waiver of service (as required by La. C.C.P. Art. 1201); and subsequently transmitted an email stating that counsel could not waive service.

> The trial court erred in presumably construing a copy of said email as a waiver of the mandatory 65-day notice requirement. La. C.C.P. Art. 966(B)(1).

## ANALYSIS

Motions for summary judgment are subject to a number of time constraints, mostly intended to promote judicial efficiency: they must be filed no less than sixty-

4

five days prior to *trial* (La.Code Civ.P. art. 966(B)(1)); they must be fixed for *hearing* no less than thirty days prior to *trial* (La.Code Civ.P. art. 966(C)(1)(a)); the notice of the *hearing* must be served no less than thirty days prior to the *hearing* (La.Code Civ.P. art. 966(C)(1)(b)); oppositions and opposing documentation must be filed no less than fifteen days prior to the *hearing* (La.Code Civ.P. art. 966(B)(2)); reply memoranda must be field no less than five days prior to the *hearing* (La.Code Civ.P. art. 966(B)(3)); and, the trial court must rule no less than twenty days prior to *trial*. (La.Code Civ.P. art. 966(C)(3)).[3]

The service requirements of motions for summary judgment are set forth in La.Code Civ.P. art 1313. *See* La.Code Civ.P. art. 966(B) & (C).[4] Service of a motion for summary judgment can be waived. *See Kinkle v. R.D.C., L.L.C.*, 04-1092 (La.App. 3 Cir. 12/8/04), 889 So.2d 405. That waiver need not follow the formal requirements of La.Code Civ.P. art. 1201, which governs citation. *Id.*

We find no manifest error in the trial court's determination that Ms. McClure's counsel waived service. She indicated in her email that she would waive service if an electronic copy were transmitted to her. An electronic copy was transmitted to her. But for the fact that the motion set a hearing date, service by that means would have been effective under La.Code Civ.P. art. 1313(A)(4). *See* La.Code Civ.P. art. 1313(C).

---

[3] "Trial" and "hearing" are italicized to emphasize the distinction La.Code Civ.P. art. 966 draws between those words. "Trial" means trial on the merits of the case, while "hearing" means a contradictory hearing fixed for the motion for summary judgment. The record does not reflect that a trial on the merits of Ms. McClure's case had been fixed; therefore, the sixty-five-day requirement does not apply to this case.

[4] As a technical aside, such service is not made pursuant to the Louisiana Long Arm Statute, La.R.S. 13:3204, which governs citation and service of petitions or motions or rules to show cause in summary proceedings, nor pursuant to La.Code Civ.P. art. 1201, which governs citation. Under La.Code Civ.P. art. 1312, "every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable."

5

Accordingly, we find that Ms. McClure's assignments of error lack merit. Her second assignment of error lacks merit because the formal requirements of La.Code Civ.P. art. 1201 apply to citation and not to service of pleadings subsequent to the petition. Her third assignment of error lacks merit because there was no trial date in the case; therefore, the sixty-five-day service requirement does not govern Target's motion for summary judgment. We find no manifest error in the trial court's determination that service was waived by the May 7, 2019 email and Target's transmission of the motion.[5]

The judgment of the trial court is affirmed. All costs of this appeal are taxed to Plaintiff/Appellant, Yolanda McClure

**AFFIRMED.**

---

[5] Counsel for Ms. McClure acknowledges in brief that she received the motion.